ON RETURN TO REMAND
BOWEN, Presiding Judge.
This cause was remanded so that a determination could be made as to whether or not the appellant had waived his constitutional right to appellate counsel, 615 So.2d 1250. On remand, the trial court conducted a hearing and found that “the defendant did not waive his right to counsel and did not elect to represent himself on appeal, and further that the appellant is indigent.” Counsel was then appointed to represent the appellant. Counsel has filed a brief in which he argues that the trial court erred in denying youthful offender status and in sentencing the appellant to 15 years’ imprisonment because “the trial court’s order does not reflect that some inquiry was made into the matter,” and because “the only factor weighing against the appellant was the nature of the crime and the trial judge relied solely on this factor.” Appellant’s brief at 5-6.
The record shows that after the appellant’s request for youthful offender treatment had been denied, the appellant pleaded guilty to a charge of robbery in the second degree and was sentenced to 15 years’ imprisonment. Contrary to the appellant’s argument, the supplemental record contains an investigative report compiled by a probation and parole officer for the Alabama Board of Pardons and Paroles. That report concludes with a recommendation that “youthful offender status be denied in this case.”
Although the appellant has no prior criminal record, the nature of the fact situation underlying the charge against him justifies the denial of youthful offender status. Those facts are that on May 23, 1991, that appellant and three others — Derrick Dailey, James Beaman, and Kevin McDonald — attempted to rob a pizza delivery person. One of the four pointed a handgun at the delivery person and pulled the trigger. Fortunately, the weapon failed. The delivery person then displayed her own pistol and shot Dailey in the leg and escaped unharmed.
“[W]e hold that a criminal charge in and of itself cannot be used as the sole basis for properly denying a petition for youthful offender status....
“We are not saying that the nature of the fact situation on which a charge is based cannot be, in itself, a sufficient reason for denying youthful offender status; to the contrary, we hold that the nature of the fact situation on which a charge is based may, alone, be a sufficient reason for denying youthful offender status.”
Ex parte Farrell, 591 So.2d 444, 449 (Ala.1991) (emphasis in original).
We conclude that the trial court did not abuse its discretion in denying youthful *1253 offender status to the appellant. The judgment of the circuit court is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.